**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**GORDON AND KAREN REGISTAD**                                 **PLAINTIFFS**

**VERSUS**                                             **CIVIL ACTION NO. 1:06cv859JMR**

**DAVID PILGER, ET AL**                                                    **DEFENDANTS**

## MEMORANDUM OPINION

This cause comes before the Court on the motion of the Plaintiffs, Karen and Gordon Pilger for summary judgment [37-1] pursuant to Rule 56 of the Federal Rules of Civil Procedure. After due consideration of the evidence of record, the briefs of counsel, the applicable law and being otherwise fully advised in the premises, the Court finds as follows:

### Standard of Review

A grant of summary judgment is appropriate when, viewed in the light most favorable to the nonmoving party ". . . the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact . . ." FED. R.CIV. P. 56(c). The moving party initially carries the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Materiality connotes disputes over facts which might affect the outcome of the case under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Further, ". . . summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

The moving party bears the initial burden of establishing the absence of evidence to support the nonmovant's cause of action. *Hirras v. National R.R. Passenger Corp.*, 95 F.3d 396, 399 (5th

Cir. 1996); *Celotex,* 477 U.S. at 325. Should this burden be met by the moving party, the nonmoving party then must establish sufficient facts beyond the pleadings to show that summary judgment is inappropriate. *Exxon Corp. v. Burglin*, 4 F.3d 1294, 1297 (5th Cir. 1993). The Court examines applicable substantive law to determine which facts and issues are material. *King v. Chide*, 974 F.2d 653, 655-56 (5th Cir. 1992). The nonmoving party must oppose the summary judgment motion either by referring to evidentiary material already in the record or by submitting additional evidentiary documents which set out specific facts indicating the existence of a genuine issue for trial. FED.R.CIV.P. 56(e). If the opponent fails in his duty, after the Court has viewed the evidence in the light most favorable to the nonmovant, summary judgment is implicated. *Exxon*, 4 F.3d at 1297. Assertions unsupported by facts are insufficient to oppose a summary judgment motion. *Williams v. Weber Mgmt Serv., Inc.,* 839 F.2d 1039, 1040 (5th Cir. 1987).

Statement of Facts

The diversity case arises out of an agreement for representation on the closing of a home located at 6101 Olivida Circle, Ocean Springs, Mississippi wherein the Plaintiffs Gordon and Karen Registad, residents of Minnesota retained Mississippi attorney David Pilger and his company Delta Title and Escrow Company to represent them at the closing as the purchasers of the property.

On August 15,2008, Defendant Delta Title and Escrow Company confirmed their agreement to represent the Plaintiff in their real estate purchase by sending a letter to the Plaintiff stating that in part "Please call us with the name of your home owners insurance agent .We must have proof of insurance coverage prior to the closing".

In response to this directive, Gordon Reigistad contacted his Carrier, USAA , who advised that they did not sell or broker windstorm coverage. Gordon Registad was referred to the Insurance Barn where he contacted Kim Rushing. Plaintiffs allege that Ms Rushing advised that they need not

worry about payment for the policy until the closing.

Plaintiffs contend that Ms Rushing faxed the instruction sheet and application directly to Pilger at Delta Title. There is no dispute between the parties the front page of the fax in large printing is the statement" No coverage for windstorm can be put into effect until the signed application and check for the premium is received in the office". (Plaintiffs' Motion for Summary Judgment, Exhibit 2, the Deposition of David Pilger, ex 3)  Pilger acknowledged he received these instructions. Plaintiffs' Motion for Summary Judgment, Exhibit 2, the Deposition of David Pilger, pp.26-28)

The closing in question  took place on August 24,2005 in Ocean Spring, Mississippi. The Registads, their real estate agent , Nancy Dorroh, David Pilger and the Seller's agent, Charlotte Farisse  attended the closing. Plaintiffs allege that Gordon Registad, Karen Registad and Nancy Dorrah  specifically remember that Pilger represented the insurance coverage was in place for the house which was closed as a cash sale. ( Plaintiffs' Motion for Summary Judgment, Exhibit 4, the Deposition of Gordon Registad, Exhibit 5, Karen Registad's affidavit, Exhibit 6, Affidavit of Nancy Dorroh ) Defendant contends that Pilger and Charlotte Fraisse do not recall the  conversation.( Plaintiffs' Motion for Summary Judgment, Exhibit 2, the Deposition of David Pilger, Exhibt & Affidavit of Charlotte Fraisse)

It is undisputed that on August 25,2005,the day after of the closing, Pilger's office sent  the unsigned application and a check to the Insurance Barn which was received by the agency on August 26,2005. It is also uncontested that the Insurance Barn called Delta Title who confirmed the sending of the unsigned application and then, called Gordon Registad. It is undisputed that Insurance Barn faxed Gordon Registad an application which he signed and returned. The Insurance Barn could not bind the coverage in question as Hurricane Katrina had entered the Gulf of Mexico.(Plaintiffs'

Motion for Summary Judgment, Exhibit 8, Affidavit of Diane B. Henderson) Hurricane Katrina made landfall on to the Mississippi Gulf Coast on August 29,2008 and the Registad's home was severely damaged.

Plaintiffs base their claim on two theories. First, under a negligence cause of action, they allege that Pilger breached the standard of care and violated his fiduciary duty his client by failing to take the steps necessary to obtain or procure insurance prior to the closing. In *Lane v. A.J.M.Outslet,* 873 So.2d 92(Miss.2004), the Mississippi Supreme Court found that a closing attorney who fails to convey information is in breach of a fiduciary obligation encompassed in the remedy of legal malpractice. Plaintiffs assert that when Pilger accepted the instructions and the application necessary to secure insurance coverage and did not insure the application was signed, he allowed the closing to proceed knowing his client had no windstorm coverage in place for his home when a named tropical storm was heading for the Gulf. Plaintiffs allege that under *Lane, Supra,* Pilger breached his fiduciary duty in not transmitting this material information to his client. Both experts opined that an attorney should advise his client at closing not to close if he is aware that coverage could not be available due to the presence of a hurricane or named storm in the Gulf of Mexico. However, Pilger contends that this was not the case at the closing. Plaintiffs' expert Kenneth Jones contends that he was of the opinion that Pilger was negligent for failing to have the Registads sign the application in question and negligent if he represented that coverage was bound by virtue of Pilger's collection of the premium. Defendant contends that unlike the situation in *Lane, Supra,* wherein the buyer did not receive information regarding termite information, the buyers of this property had as much information about the tropical weather system as he had.

Further Defendant alleges that his failure to insure the insurance in question did not proximately cause their damage. Defendant contends that the Registads must prove that if Pilger had

obtained their signature on the day of closing, then insurance would have been in place when the Hurricane struck the coast. ( Defendant's response to the Motion for Summary Judgment, p.7) The Court finds that there is insufficient testimony proffered that demonstrates the insurance in question would have been in place if the signatures were obtained on August 24,2005. Further Defendant contends that the policy purchased would not have covered damages sustained by the structure under its terms. Thus, he claims that the Plaintiffs would have to segregate their damages as those sustained by wind rather then water. The Court denies the pending motion as to breach of the standard of care and violation of an attorney's fiduciary duty at this time as it finds there are genuine issues of material fact as to whether Pilger violated the standard of care and as to whether the policy in question would have covered the damages sustained to the property.

Plaintiffs' second cause of action is for negligent misrepresentation. The elements of a negligent misrepresentation action are ( 1) misrepresentation or omission of a fact; (2) the representation is material ;(3) the person /entity charged with negligence failed to exercise that degree of diligence  and expertise the public is entitled to expect of such a person/entity;(4) a plaintiff reasonably relied on the misrepresentation or omission;(5) a plaintiff suffered damages as a direct and proximate result of such reasonable reliance. *Horace Man Life Ins. v. Nunaley*, 2007 MSSC 2006-CA-00250-071907 .Plaintiffs allege that there were five individuals present at the closing and that three of the individuals present heard Pilger state that insurance was in place. Plaintiffs further contend that neither Pilger or Fraisse have any recollection of this occurring  at the closing. Plaintiffs  claim that the Registads reasonably relied on Pilger's representation as he told them he would not close without insurance being in place in the initial letter he sent them  and they, further, assert that their HUD statement reflects that insurance was prepaid. Defendant alleges that Gordon Registad's testimony as to this issue was not that specific and that Plaintiffs' agent, Nancy

Dorrah's testimony was biased. Defendant asserts that he would not have made make any statement that would indicate that the coverage was bound during this closing. In *Lane, Supra*, the Mississippi Supreme Court found based on similar differences in the parties' testimony, that there are genuine issues of material fact when there are witnesses testifying to different sets of fact. Thus, this Court finds that Plaintiffs' Motion for Summary Judgment must be denied on the issue of legal misrepresentation.

**Conclusion**

After due consideration of the evidence of record, the briefs of counsel, the applicable law and being otherwise fully advised in the premises, the Court finds as follows the Court finds that the motion of the Plaintiffs for summary judgment [37-1] pursuant to Rule 56 of the Federal Rules of Civil Procedure should be denied .

This the 28th day of January, 2008.

s/John M. Roper Sr.<br>UNITED STATES MAGISTRATE JUDGE